Dear Capt. Crager:
In response to your inquiry of recent date, we find the contractual prohibitions set forth in LSA-R.S. 39:1498(4) to be applicable. The statute provides, in pertinent part:
 § 1498. Approval of contract; penalties
 A. Before approving a proposed contract for professional, personal, consulting, or social services, the director of the office of contractual review or an assistant shall have determined that:
 * * *
 (4) No current state employee will engage in the performance of the proposed contract except as provided for in LSA-R.S. 39:1498.2.
You, as a state employee, may not contract[1] with a state executive branch agency. The Louisiana State Board of Private Investigator Examiners, created by LSA-R.S. 37:3504, is within the Department of Safety and Corrections, which is defined as an executive branch of state government by LSA-R.S.36:4(A)(8):
 4. Structure of executive branch of state government
 A. In accordance with the provisions of Article IV, Section 1 and Article XIV, Section 6 of the Constitution of Louisiana, all offices, boards, commissions, agencies, and instrumentalities of the executive branch of state government, whether constitution or statutory, and/or their functions, powers, duties, and responsibilities shall be allocated, either in the Act by which this Title was created or by legislation enacted subsequent thereto, within the departments listed in this Section, except as provided in Subsections B and C hereof, and in order to comply with this constitutional mandate, the agencies of the executive branch of state government hereinafter enumerated, whether heretofore created by the constitution or by statute, and/or their functions, powers, duties, and responsibilities are allocated, in the manner hereinafter set forth in this Title, within the following designated departments:
 * * *
 (8) Department of Public Safety and Corrections
(Emphasis added).
Thus, a state employee employed by the LSU System is precluded from entering into a professional services contract with a board created within a state executive branch agency[2] unless the state employee falls within the exceptions of LSA-R.S. 39:1498.2.[3] Our review indicates that you do not fall within the exception, and we therefore conclude that such an arrangement is prohibited by law. In accord is Attorney General Opinion 91-249, attached.
However the Dual Officeholding and Dual employment Laws, R.S. 42:61, et seq., prohibit only the simultaneous holding of two full-time state employments. R.S. 42:63(E) provides:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The law does not prohibit one from holding a full-time state employment and a part-time state employment, as defined by state law.[4] Thus, if you held part-time employment with the board, as opposed to a contractual relationship, then the prohibition of R.S. 39:1498 would be removed.
The foregoing conclusions are issued absent a review of civil service regulations which might be applicable to you in your university employment. Further, no examination of the Code of Governmental Ethics has been made, as those questions are appropriately within the jurisdiction of the Louisiana Ethics Commission.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] The following statutory definition of "contract" is found within the provisions of R.S. 39:1484(5):
 (5) "Contract" means every type of state agreement, including orders and documents purporting to represent grants, which are for the purchase or disposal of supplies, services, construction, or any other item. It includes awards and notices of award; contracts of a fixed price, cost, cost-plus-a-fixed-fee, or incentive type, contracts providing for the issuance of job or task orders, and letter contracts. It also includes contract modifications with respect to any of the foregoing.
[2] R.S. 37:3504 pertinently provides:
 § 3504 Louisiana State Board of Private Investigator Examiners; creation; qualifications; domicile; terms of office; confirmation; oath of office; compensation
 A. The Louisiana State Board of Private Investigator Examiners is hereby created within the Department of Public Safety and Corrections. The board shall be a body corporate and may sue and be sued.
 B. The board shall be composed of seven members appointed by the governor. . . .
 * * * * *
 C. The board shall be domiciled in Baton Rouge and may meet at such other locations in the state as may be determined by the board.
 D. Each member shall serve at the pleasure of the governor. Each appointment by the governor shall be submitted to the Senat for confirmation.
 E. Any vacancy on the board caused by the death, resignation, or disability of a member shall be filled by appointment by the governor. A person appointed to fill a vacancy on the board shall possess the same qualifications and residency requirements as the person whose position on the board is being filled by the appointment.
 F. Each member of the board shall receive a certificate or commission from the governor and before beginning his term of office shall file with the secretary of state a written oath or affirmation for faithful discharge of his official duties.
[3] Included herein is the entirety of R.S. 39:1498.2, providing:
 § 1498.2 Professional, personal, and consulting service contracts with state employees.
 A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulations adopted by the office of contractual review. No such faculty member, except those who are also employed by private firms may contract for the design or redesign of a state-owned facility in which the services of a professional architect or engineer, or both, are required.
 B. Additionally, each professional, personal, consulting, and social service agreement between a governmental body as defined in R.S. 39:1484(11) and a faculty member of any state college or state university shall be subject to the policies and procedures promulgated by each respective state college and university and the management boards having authority over the respective institution of higher education in which the faculty member is a member of the Board of Regents. Notwithstanding any other provision of law, each such agreement shall be subject to the written approval of the president of the college or university which employs the faculty member, and written notification of agreement and approval shall be given to the appropriate management board.
 C. The list of occupations exempted in this Section from the Provisions of R.S. 39:1498(4) may be increased by rules adopted by the office of contractual review.
 D. Notwithstanding any other provisions of law to the contrary, the Louisiana School for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the school to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid.
 E. Notwithstanding any other provisions of law to the contrary, the Louisiana Commission for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the commission to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid; however, such contract is authorized only if a person who is not an employee of the commission is unavailable for such services.
[4] (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state or of a political subdivision thereof.
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.